379 P.2d 658

Raymond E. **STURGIS** and F. H. McClure
and R. V. Estell, doing business as Empire
Transport, a co-partnership, Plaintiffs-Ap-
pellants,

v.

William **GARRETT** and Carl Garrett,
Defendants-Respondents.

No. 9215.

Supreme Court of Idaho.

March 7, 1963.

Marcus & Evans, Boise, for respondents.

Moffatt & Thomas, Boise, for appellants.

McQUADE, Justice.

On the morning of June 23, 1960, the defendant, Carl Garrett, age 14, was driving a farm tractor in a southerly direction on U. S. Highway 30 in Payette County, Idaho. On that same date a White Freightliner truck, towing two trailers loaded with cement was proceeding in the same direction behind the tractor. The truck was owned by the plaintiffs, F. H. McClure and R. V. Estell, doing business as Empire Transport, a co-partnership, and was driven by the plaintiff, Raymond E. Sturgis. As the driver of the truck attempted to pass the tractor, the vehicles collided, injuring both drivers and damaging the vehicles.

Subsequently, this action was commenced to recover damages to the truck and trailers and for personal injuries suffered by Sturgis in the accident. The complaint alleges that Carl Garrett was inexperienced and therefore not competent to operate a motor vehicle on the highway; that the defendant, William Garrett, father of the driver and owner of the tractor, had full knowledge of the fact that his son was not competent to operate the vehicle upon said highway; that the defendant willingly and knowingly permitted his son, Carl Garrett, to drive the vehicle upon said highway; and that the negligent operation of the tractor by Carl Garrett proximately caused the collision and damages resulting therefrom. Defendants answered, denying negligence on the part of Carl Garrett and claiming the negligence of Raymond Sturgis contributed to and was the proximate cause of the collision and resultant damages.

At the trial Carl Garrett testified he was driving the tractor on the right side of the highway, enroute to a neighboring farm at the time of the accident. He stated that to turn onto the side road leading to that farm it was necessary to make a left turn across the highway; that he was approaching this side road but had not started to make the left turn at the time of the collision; that he had not observed traffic behind him while driving the tractor; and that he did not see the truck or become aware of the impending collision until he noticed a "blur" on his left. This minor defendant further testified that he had driven along this highway to the same farm several times and that it was his practice while making this trip to keep to the right of the highway until he reached the side road, at which time he usually came to a full stop before making the left turn and crossing the highway.

Raymond Sturgis, the driver of the truck, stated that he first observed the tractor when it was some distance from him. At that time, he stated that a car was traveling in the same direction between the truck and the tractor. He further testified that he slowed the truck down to a speed of about 40 miles per hour and maintained such speed until after the car had passed the tractor,

and that he then increased the speed of the truck and steered onto the left side of the highway and started to pass the tractor when the collision occurred, and that Carl Garrett failed to give any signal indicating a left turn. Sturgis claims that Carl Garrett was in a standing position while driving the tractor. Due to injuries received in the accident, Sturgis was unable to recall any additional facts concerning the accident.

The testimony of other witnesses at the trial established that when the vehicles collided, the hub on the left rear wheel of the tractor broke and the wheel became disconnected from the tractor, causing that part of the hub attached to the tractor to fall to the pavement, making "gouges" therein. These "gouges" were on the right hand side of the white dividing line near the center of the highway. The rim on the disconnected rear wheel was damaged, but not the tire. The front portion of the left rear fender on the tractor was damaged as was the steering wheel, gas tank, hood and radiator cowling.

Testimony of witnesses indicates that the right front portion of the truck came in contact with the tractor. Paint from the hood of the tractor was claimed to be found on the right front fender of the truck.

Plaintiffs contend that Carl Garrett was in the process of making a left turn when the collision occurred and that while making this turn, the tractor ran in front of the truck, where it was struck at an angle. In support of their contention, they sought to show that the place of impact on the tractor was the front portion of the left rear wheel and the hood and radiator cowling. Jack Clemmens, a mechanic and truck salesman testified that an inspection of the tractor revealed black paint of the same color as that on the truck on the tractor's hood and radiator cowling. When asked if he had an opinion concerning which portions of the truck struck the tractor and whether it was struck at an angle, defendants objected thereto on the grounds that the questions called for opinions that invaded the province of the jury. The objections were sustained.

In addition to the foregoing testimony, 28 photographs showing the condition of the two vehicles after the accident and the highway where the collision occurred, were admitted into evidence.

At the conclusion of plaintiffs' case, defendants made a motion to dismiss upon the grounds that no negligence was shown on the part of Carl Garrett, or, if negligence had been shown, the evidence established that Sturgis, the truck driver, was more at fault than the tractor driver. The trial court granted the motion, ruling that the plaintiffs had shown no right to relief.

The judgment of dismissal having been entered, the plaintiffs appeal, contending the evidence presented questions of fact for jury determination. Error is also assigned

to the failure of the trial court to allow the witness, Clemmens, to give his opinions concerning which portions of the truck struck the tractor and whether it was struck at an angle.

A judgment of nonsuit or dismissal is proper only where there is an entire absence of testimony tending to establish plaintiffs' case. Nissula v. Southern Idaho Timber Protective Ass'n, 73 Idaho 37, 245 P.2d 400. In determining this question, the evidence must be viewed in the light most favorable to the plaintiff. Bancroft v. Smith, 80 Idaho 63, 323 P.2d 879; Julien v. Barker, 75 Idaho 413, 272 P.2d 718. Viewing the evidence most favorably to the plaintiffs we conclude that testimony concerning the condition of the vehicles, supported by photographs thereof, could indicate that the truck struck the tractor at an angle, and that Carl Garrett was making a left turn across the highway in front of the truck. Such presents a question of fact, for jury determination, as to whether the driver of the tractor was negligent while making the left turn.

Plaintiffs assign as error the refusal of the trial court to allow Clemmens to state his opinion concerning which portions of the truck struck the tractor and whether it was struck at an angle. Upon retrial of this cause, the trial court should determine the admissibility of opinion evidence by experts in the light of the following rule as stated in 20 Am.Jur. Evidence, Sec. 764, p. 634:

"Expert testimony is the testimony of persons who are particularly skilled, learned, or experienced in a particular art, science, trade, business, profession, or vocation, a thorough knowledge of which is not possessed by men in general, in regard to matters connected therewith."

20 Am.Jur. Evidence, Sec. 765, p. 635, 636, provides in part as follows:

"A witness must ordinarily confine his testimony to matters within his actual knowledge. He cannot, over objection, be asked questions calling for, or permitted to express, his opinion or conclusion upon facts which are in the province of, and are to be determined by, the jury * * *, provided those facts are capable of being so detailed and described that they can be fully placed before the jury * * *. It is for the jury or the court, as the case may be, whenever the question is one which can be decided by ordinary experience and knowledge, to determine the truth as to the evidential facts from the facts stated by the witnesses, and to draw the conclusions deducible from such evidential facts by the exercise of their own judgment and reasoning powers without hearing the opinions of witnesses."

Attention is also directed to McKee v. Chase, 73 Idaho 491, 253 P.2d 787.

The trial court erred in dismissing the action at the conclusion of plaintiffs' case. Accordingly, the judgment is reversed and the cause is remanded for a new trial.

Costs to appellants.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.