492 P.2d 936

**Edward E. FINCK and Charlene L. Finck, Plaintiffs-Appellants,**

v.

**George W. HOSKINS, Defendant-Respondent.**

No. 10900.

Supreme Court of Idaho.

Jan. 7, 1972.

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for appellants.

Stout & Moss, Blackfoot, for respondent.

McQUADE, Chief Justice.

This is a tort action to recover for injuries to person and property allegedly suffered in an automobile accident. Trial by jury produced a unanimous verdict for defendant George W. Hoskins, with judgment entered accordingly. On appeal, plaintiffs-appellants Edward E. Finck and Charlene L. Finck challenge the court's denial of motions for directed verdict, judgment n. o. v., and new trial, certain instructions to the jury, and the jury impaneling procedures. Because of the verdict below, damages are not at issue here.

The facts are disputed, and form the heart of this controversy. On June 29, 1969, appellants and their two children were driving northerly on U. S. Highway 191 just outside Idaho Falls. That portion of the highway consists of four lanes; the northbound pair were separated from the southbound pair by a painted "island." Appellants were driving in the inside (left) northbound lane at a speed estimated by Edward Finck as thirty-five miles per hour.

Defendant-respondent Hoskins, accompanied by a guest, drove his car from the grounds of a trailer sales agency on the west side of the highway across the southbound lanes into the "island." The parties disputed the speed at which respondent was driving and whether he stopped his car in the "island"; in any event, he continued into the northbound lanes, turning north. The Fincks saw Hoskins emerge from the trailer agency grounds and cross the highway. Edward Finck steered his car into the outside (right) lane, but the cars collided, the right front fender of Hoskins' automobile striking the driver's side of the Finck car.

Edward Finck estimated the point of impact to be the middle of the outside lane; but defendant claimed that his car protruded only one foot into that lane, while his guest felt the cars met "right on the line." After the accident, Hoskins measured the outside, northbound lane, finding it to be 12 feet 10 inches wide. Since his car allegedly extended only one foot over the line, he contended that the Finck car, estimated to be 6 feet, 3 inches wide, had a safe avenue of approximately 11 feet, 10 inches through which to pass. Hoskins argued that under the facts Finck was contributorily negligent in failing to avoid the accident. He buttressed this defense with disputed testimony that Finck was driving "pretty fast," did not sound his horn, and did not lock his brakes until the collision had occurred.

▮ Appellants assign error to the trial court's denial of their motions for directed verdict, judgment n. o. v. and a new trial. The issue raised on appeal in each instance is whether the evidence and inferences arising therefrom, viewed most favorably to the respondent, substantially support the jury verdict.[1] I.C. § 13–219 provides "that whenever there is substantial evidence to support a verdict the same shall not be set aside." In light of respondent's contention which is supported by the record that Finck could have avoided the accident, we are unable to say that the trial court erred in sending the case to the jury or that the verdict should be disturbed on appeal.

Appellants attack an oral admonition given by the trial court to cure possible prejudice created when Mrs. Finck mentioned "the insurance company." When respondent moved for mistrial appellants resisted, suggesting that the court admonish the jury and that any question of liability insurance[2] be removed by asking Edward Finck if "the insurance company" was her own. This procedure was adopted, the court instructing the jury:

"[T]hat insurance is not a factor in this case; no insurance company is party to this case; and you can not return a verdict against any insurance company. Do you understand that? * * * And you are to disregard any statement with regard to insurance."

There were no further objections, and insurance was never again discussed.

▮ Appellants now claim that this solicited instruction failed to communicate clearly the immateriality of insurance, implying instead that respondent was not insured. We do not share that interpretation, but the argument fails in any case because a remark by the judge to which no objection is made at trial will not be reviewed on appeal.[3] Neither will a party be heard to object to an instruction given at his request.[4] Appellants argue further that the court should have given a supplementary written instruction, a practice approved by this Court in Barry v. Arrow Transporta-

1. Loving v. Freeman, 93 Idaho 426, 462 P.2d 519 (1969) ; cf. Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965).

2. With certain exceptions not applicable here, evidence of liability insurance coverage is inadmissible. Crossler v. Safe-

way Stores, Inc., 51 Idaho 413, 6 P.2d 151, 80 A.L.R. 463 (1931).

3. E. g., Pierson v. Pierson, 63 Idaho 1, 115 P.2d 742 (1941).

4. Werth v. Tromberg, 90 Idaho 204, 409 P.2d 421 (1965).

tion Co.[5] That case, unlike this one, involved a plaintiff who flatly testified that the defendant was insured. A supplementary instruction in such a situation was prudently given. We believe that the judge's oral admonition in this case adequately cured whatever prejudice might otherwise have grown from Mrs. Finck's ambiguous, inadvertent remark.

■ Appellants also assign error to an instruction charging the jurors to take account of any pre-existing physical disabilities in formulating a damage award for Mrs. Finck's alleged injuries. We need not decide whether the instruction adequately states the law on pre-existing injuries. Even if the instruction were defective, it remains for appellants to show that the jury was misled thereby.[6] But this instruction, pertaining to damages, applied to the case only if the jury found respondent liable. Since the jury found unanimously for respondent, it appears, in the absence of any contrary showing by appellants, that the instruction was of no prejudicial effect.

■ Finally, appellants argue that because the trial court allegedly provided an inadequate panel from which to select jurors, and consequently issued an emergency order for more jurors during *voir dire* proceedings, the parties were unable to evaluate potential jurors or to weigh properly the use of peremptory challenges. Appellants claim that this, in turn, resulted in a jury comprised primarily of senior, retired citizens similar in background to respondent. We note from the trial minutes that appellants, who did not use all peremptory challenges available to them, failed to object at trial to the impaneling procedure. In general, failure to lodge timely objection to the manner in which a jury is being impaneled constitutes waiver of the irregularity.[7] In this case, failure to object is compounded by the related failure to develop a record of the characteristics of the jurors. Lacking such a record appellants are unable to show, and we are unable to find, prejudicial error.

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, and SHEPARD, JJ., and MAYNARD, D. J., concur.

5. 83 Idaho 41, 358 P.2d 1041 (1960).

6. *E. g.*, Tucker v. Colorado Indoor Trap Shoot, Inc., 471 P.2d 912 (Okl.1970).

7. Moran v. Jones, 75 Ariz. 175, 253 P.2d 891 (1953).