581 P.2d 339

Della A. STODDARD, personal representative of the Estate of Irwin T. Stoddard, Deceased, and Della A. Stoddard and Douglas Stoddard, as sole heirs at law of Irwin T. Stoddard, Deceased, Plaintiffs-Appellants,

v.

Clyde NELSON and Reva Nelson, Individually and as partners dba Rafe Nelson and Son, Nelson Angus Ranch, and Murl McNabb, Defendants-Respondents.

No. 12536.

Supreme Court of Idaho.

July 7, 1978.

H. William Furchner, of Furchner, Martsch & Baker, Blackfoot, for plaintiffs-appellants.

Dennis M. Olsen, of Petersen, Moss & Olsen, Idaho Falls, for defendants-respondents.

McFADDEN, Justice.

This is a wrongful death action arising from a head-on collision of an automobile and truck tractor with full trailer near Salmon, Idaho.[1] The jury, by special verdict, found that neither the driver of the truck, the driver of the automobile, nor the owners of the truck were guilty of negligence that proximately caused the accident. We affirm the judgment of the district court and its order denying appellants' motions to set aside the verdict and for a new trial.

Plaintiffs-appellants Della Stoddard and Douglas Stoddard are the surviving widow and son of I. T. Stoddard, the driver of the automobile who was killed in the collision. They seek to recover damages for the alleged negligence of defendants-respondents Clyde and Reva Nelson, owners of the truck, and Murl McNabb, driver of the truck. Appellants alleged that respondents were negligent in operating the truck at night at an excessive rate of speed and with only one operating headlamp.[2] Although the exact cause of the accident is unknown, appellants alleged that I. T. Stoddard was confused and blinded by the truck's single headlamp and attempted to stop the Stoddard vehicle, causing it to skid into the oncoming truck.

Appellants allege on appeal that the jury found the accident was unavoidable when it found by special verdict that neither the deceased, respondent McNabb nor respondents Nelson were guilty of negligence that was the proximate cause of the accident. Appellants argue that there is no competent evidence to support a finding of unavoidable accident; rather, the facts presented require finding that respondents' negligence was a contributing cause, if not the sole cause, of the collision. They therefore ask that the jury verdict be set aside and a new trial ordered.

1. For a companion case involving the same mishap, but involving different parties, see *Easter v. McNabb*, 97 Idaho 180, 541 P.2d 604 (1975).

2. One of the dim headlamps was broken, so that only one headlamp was operational when the truck lights were dimmed. The truck was also equipped with five amber marker lights across the truck's cab, two amber hood marker lights, several reflectors and lights on the trailer.

On appeal from a judgment entered on a jury verdict, this court will not set aside the verdict if it is supported by substantial and competent evidence. *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 518 P.2d 1194 (1974); *Skaggs Drug Centers, Inc. v. City of Idaho Falls*, 90 Idaho 1, 407 P.2d 695 (1965). The first issue on appeal, therefore, is whether there is substantial and competent evidence supporting the jury's finding that neither the deceased nor respondents were guilty of negligence proximately causing the accident.

The jury's answers to the questions submitted in the special verdict are susceptible of either of two interpretations: (1) no one was negligent, i. e. the accident was unavoidable; or (2) although someone was negligent, that negligence was not the proximate cause of the accident. There is substantial evidence in this case to support either interpretation. While it is error in this jurisdiction for the trial court to give an instruction on unavoidable accidents because such an instruction confuses, misleads, and improperly suggests to the jury a separate defense for the defendant, *Schaub v. Linehan*, 92 Idaho 332, 442 P.2d 742 (1968), in the absence of such an instruction, it is not error for the jury to find that an accident occurred without negligence. *Stobie v. Potlatch Forests, Inc.*, 95 Idaho 666, 518 P.2d 1 (1973). There was evidence from which the jury reasonably could have determined that the collision resulted from a mechanical malfunction of the automobile. Although violation of a safety statute such as I.C. § 49–804,[3] may establish negligence per se, *McKee v. Chase*, 73 Idaho 491, 253 P.2d 787 (1953), it is necessary that the negligence be the proximate cause of the injury sustained. *Ebert v. Newton*, 97 Idaho 418, 546 P.2d 64 (1976); *Lundy v. Hazen*, 90 Idaho 323, 411 P.2d 768 (1966); *Clark v. Chrishop*, 72 Idaho 340, 241 P.2d 171 (1952). The jury reasonably could have found that although respondents were negligent in operating the truck with only one headlight,

this was not the proximate cause of the collision, e. g. the accident was caused because the deceased temporarily dozed while driving. While the exact cause of the collision was not established, there is substantial and competent evidence from which the jury could have accepted either theory of the case. The verdict must, therefore, be sustained on appeal.

Appellants argue, however, that a new trial should have been ordered because of errors committed by the district court at trial. First, appellants maintain that the district court erred in failing to excuse George Nichols as a prospective juror, who was challenged for cause. Nichols was well acquainted with respondents, had worked with respondent McNabb, had visited the scene of the accident and had examined police accident reports concerning the collision. Nichols, nevertheless, stated that he would render an impartial verdict based on the facts presented at trial. After the district court refused to excuse Nichols for cause, he was excused on appellants' peremptory challenge. Challenges to prospective jurors are determined by the trial court. I.R.C.P. 47(h). Ordinarily, a juror who has formed an opinion of the case and is a personal friend of one of the parties should be excused when challenged for cause, I.R.C.P. 47(h), and a litigant should not be forced to exercise a peremptory challenge to exclude the prospective juror when it clearly appears that he is disqualified for cause. *State v. Dickens*, 68 Idaho 173, 191 P.2d 364 (1948). However, only prejudicial errors affecting substantial rights of the parties can be grounds for granting a new trial or setting aside a jury verdict:

> No error . . . or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is grounds for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsist-

---

3. Idaho Code § 49–801 *et seq.* contain lighting equipment requirements for all motor vehicles operated on Idaho highways. Idaho Code

§ 49–804 requires two operational headlamps on all motor vehicles, excepting motorcycles.

ent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

I.R.C.P. 61. Assuming that the court erred in failing to excuse Nichols for cause, the question present is whether such error was prejudicial under these facts. This issue was addressed by this court in *State v. Wozniak*, 94 Idaho 312, 486 P.2d 1025 (1971), where the court stated in appropriate language:

> Appellant has further assigned error to the trial court's not excusing juror Nelson for cause. Juror Nelson was excused on the appellant's first pre-emptory [sic] challenge and did not participate in the trial. Thus the error, if any, claimed by the appellant in not excusing Nelson for cause, would have to be shown by the fact that this resulted in one or more of the *other* jurors deliberating in the case who were biased. Appellants failed to establish this. On the contrary, the record demonstrates that fair and impartial jurors were available and selected to participate in the trial of the charge against appellant.

*Id.* at 319, 486 P.2d at 1032. There is no contention nor evidence in the present case that the other jurors selected were incompetent or biased. Therefore error, if any, in denying appellants' challenge for cause was not prejudicial.

Secondly, appellants maintain that the court erred in allowing respondents Nelson and respondent McNabb four peremptory challenges *each*, while appellants were only allowed a total of four peremptory challenges. However, the record does not show that appellants raised this objection at trial. The number of peremptory challenges is specified by I.R.C.P. 47(j):

> *Peremptory challenges—Number.*—After all challenges for cause have been ruled upon by the court, each party shall have four (4) peremptory challenges which shall be exercised in accordance with this rule. In the event there are coparties as plaintiffs, defendants or oth-

erwise, the court shall determine the degree of conflict of interest, if any, between or among the coparties *and shall in its discretion allocate the full number of peremptory challenges authorized by this rule to each of the coparties* . . . . [Emphasis added.]

We find no abuse of discretion in allowing respondents four peremptory challenges each. Any such error would nevertheless have been waived by appellants' failure to object at trial. *Suchan v. Henry's Farms Sales, Inc.*, 97 Idaho 78, 540 P.2d 263 (1975); *Finck v. Hoskins*, 94 Idaho 524, 492 P.2d 936 (1972).

Thirdly, appellants assign error to the admission of expert opinion testimony given by Merl J. Allen, a professor of optometry at Indiana University. Dr. Allen was qualified as an expert in physiological optics and the effects of night vision on driving safety. He testified concerning the effects of a single operating headlamp on an approaching vehicle, basing his opinion, in part, on test results conducted by Dr. Allen after the accident occurred. Appellants allege that the testimony did not assist the jury and was inadmissible because it was based on test results obtained under different test conditions. An expert generally is one possessing skills or knowledge beyond the competency of the average juror. *Sturgis v. Garrett*, 85 Idaho 364, 379 P.2d 658 (1963). Admissibility of expert opinion testimony is discretionary with the trial court and will not be disturbed absent a showing of an abuse of discretion. *Davis v. Nelson-Deppe, Inc.*, 91 Idaho 463, 424 P.2d 733 (1967); 31 Am.Jur.2d *Expert and Opinion Evidence* § 3 (1967). The test for determining whether to allow an expert to testify was enunciated by this court in *Bean v. Diamond Alkali Co.*, 93 Idaho 32, 35, 454 P.2d 69, 72 (1969): "A person possessing skill or knowledge qualifying him as an expert is generally allowed to express his opinion as to matters in issue when an opinion would be of appreciable help to the jury in finding the facts. 7 Wigmore on Evidence § 1923, p. 21 (3d ed. 1940); *Greenstreet v. Greenstreet* [65 Idaho 36, 139 P.2d

239 (1943)]; *Grohusky v. Atlas Assurance Co.*, 195 Kan. 626, 408 P.2d 697 (Kan.1965)." Based on the record below we cannot find an abuse of discretion in allowing this witness to testify concerning night vision and the effect of different kinds of lights on an individual driving at night. Nor do we find that the court erred in allowing the expert to testify concerning tests based on different test conditions than existed at the time of the collision. The determination of whether test conditions are sufficiently close to actual conditions is left to the discretion of the trial court and will be reviewed on appeal only upon a showing of an abuse of that discretion. *Hansen v. Howard O. Miller, Inc.*, 93 Idaho 314, 460 P.2d 739 (1969); *Kelly v. Troy Laundry Co.*, 46 Idaho 214, 267 P. 222 (1928). Again, no such abuse of discretion is evident in the record below.

 Appellants next assign error to the district court's refusal to give requested jury instructions concerning negligence, negligence per se and the presumption of due care. Under I.R.C.P. 51(a)(1), in effect on the date of the trial,[4] challenges to rulings on requested jury instructions must be raised prior to submission of the case to the jury. Appellants failed to timely object to the district court's ruling. Appellants are, therefore, precluded from raising this issue on appeal.

 Appellants' final assignment of error involves submitting the case to the jury at 9:00 p. m., at the end of the fourth day of trial. Appellants assert that such action caused the jurors to resolve hastily the complex negligence issue and was therefore prejudicial error. This issue was most recently addressed by this court in *Bell v. O'Connor Transport Ltd.*, 94 Idaho 406, 489 P.2d 439 (1971):

> Appellants next assign error to the fact that the jury was sent out to deliberate at 8:00 p. m., at the end of a three day trial. Appellants assert that in view of

the complexity of the case and the number of instructions (fifty-three) this action of the trial court constituted prejudicial error by implying to the jury that the issues were simple and not much time was needed for deliberation. Appellants do not cite authority in support of this contention. Such action is within the discretion of the trial court and the allegations of the defendants do not support a complaint that there was an abuse of such discretion. No objection was made below to the questioned action of the court. Therefore, such an assignment is not a proper question for review by this Court.

*Id.* at 408–09, 489 P.2d at 441–42. Although such action should not be encouraged, we find no abuse of discretion when, as here, no prejudice is shown and no objection was entered at trial.

 The test to be applied by this court in reviewing the correctness of a ruling on a motion for new trial is different than the substantial evidence test applied in reviewing evidence in support of a jury verdict. *Mann v. Safeway Stores, Inc., supra.* Granting or denying a motion for a new trial is within the discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *Mann v. Safeway Stores, Inc., supra; Banz v. Jordan Motor Co.*, 94 Idaho 369, 487 P.2d 1123 (1971); *Rosenberg v. Toetly*, 93 Idaho 135, 456 P.2d 779 (1969). We have carefully reviewed the evidence before the district court and cannot find an abuse of discretion in ruling on appellants' motion for new trial.

Judgment and order denying motions for new trial and to set aside the verdict are affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.

---

4. I.R.C.P. 51(a)(1), prior to its amendment on October, 1976, provided: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."