704 P.2d 352

**Daniel WISE, Plaintiff-Appellant,**

v.

**ARMOLD TRANSFER & STORAGE COMPANY, INC., a corporation, and Terry Joe Moore, Defendants-Respondents.**

**No. 14778.**

Court of Appeals of Idaho.

July 31, 1985.

Edward J. Berrett of Merrill & Merrill, Pocatello and Rick E. Janov of Manion, Janov, Edgar, Devens & Fahey, Hoopeston, for plaintiff-appellant.

Jeremiah A. Quane and William A. McCurdy of Quane, Smith, Howard & Hull, Boise, for defendants-respondents.

SWANSTROM, Judge.

Daniel Wise appeals from a summary judgment entered in the district court in favor of Armold Transfer & Storage Company, Inc., a New Mexico corporation. Wise had been seriously injured in an accident in Idaho while riding in Armold's truck being driven by Terry Joe Moore. Wise brought this tort action to recover damages from Armold and the driver for personal injuries. The district court held that Wise was an employee of Armold when injured and that he had only the right to recover workmen's compensation benefits. On appeal Wise contends the district court erred in: (1) applying Idaho law to determine the legal relationship between the parties at the time of the accident; and (2) determining that Wise was an employee of Armold at the time of the accident and was then within the scope of that employment. We affirm.

The relevant undisputed facts are as follows. At the time of the accident Moore was employed as a truck driver for Armold. Armold owned and furnished the truck driven by Moore for the hauling of household furnishings under an arrangement with Mayflower Transit Company. Moore was paid by Armold on a percentage basis of the truck load. It was common practice for drivers to hire helpers from time to time to help load and unload the truck. In 1974 Moore hired Wise as a helper with the understanding that Wise would ride on the truck. Moore reported the presence of Wise as a helper riding on the truck to both Armold and Mayflower. Moore controlled how and when Wise was to do the work and had the right to discharge Wise anytime without penalty. Wise was paid $85 per week under this arrangement from Moore's percentage of the truck load and worked for approximately two months before leaving to work with Dalby Transfer and Storage, a company affiliated with Armold.

Wise came back to work as Moore's helper sometime in August or September of 1975. His manner of payment was changed to a hourly rate and he was paid—by Moore—only for the time actually spent loading or unloading. Moore again advised Armold that Wise was on the truck with him. Armold began carrying Wise on Armold's records as an employee for purposes of taxes and workmen's compensation. Moore kept track of Wise's hours and reported them to Armold. This was the prevailing arrangement when the accident occurred on the interestate highway in Minidoka County, Idaho, in November, 1975. Wise first brought suit against Armold in New Mexico in 1977 for benefits under that state's workmen's compensation act. That action was resisted by Armold. In November, 1977, Wise filed the present tort action in Idaho. So far as we know, the New Mexico proceeding is still pending, awaiting a final decision in this case. The propriety of filing this action in Idaho while another was pending has not been made an issue by the parties and we will not address it *sua sponte.*

In both Idaho and New Mexico, the exclusive remedy for an employee in an action against his employer on account of an injury or occupational disease is through workmen's compensation. I.C. § 72–211, N.M.Stat.Ann. § 52–1–9. Wise brings this present suit on a *common law* tort basis, claiming he was not Armold's employee at the time of the accident. The material facts before the court were not in dispute, only the determination of the legal conclusions to be drawn from those facts.

Wise first asserts that the district court erred in applying Idaho statutory law to this case. He contends that New Mexico law should be applied to determine the legal relationship of the parties. It must first be determined whether the potentially applicable laws do in fact conflict, or whether there is merely a "false conflict." *See Rungee v. Allied Van Lines, Inc.,* 92 Idaho 718, 449 P.2d 378 (1968); 16 Am. Jur.2d CONFLICTS OF LAWS § 106 (1979). Wise argues that there is a conflict because Idaho's workmen's compensation

statute, I.C. § 72–204, specifically states that helpers of employees whether paid by the employer or employee, if employed with the knowledge of the employer, are employees. New Mexico's workmen's compensation statutes do not have a similar provision. Section 52-1-16 of N.M. Stat. Ann. defines a workman as

any person who has entered into the employment of or works under contract of service or apprenticeship, with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business.

The district court found that there was no conflict. It concluded that the workmen's compensation acts of the two states are "largely similar, and any differences have no bearing on the outcome of this case." He likewise found no significant differences between the case law in the two states so far as determining whether a person is an "employee" or an "independent contractor" and when an employee is within the scope of employment. We will examine these rulings under the case law of the two states.

■ Wise asserts that he was an independent contractor. The general test which establishes the relationship of employer-employee as opposed to an independent contractor is "the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue...." *Pinson v. Minidoka Highway District,* 61 Idaho 731, 737, 106 P.2d 1020, 1022 (1940); *see also Brown v. Jerry's Welding and Construction Co.,* 104 Idaho 893, 665 P.2d 657 (1983); *accord Jelso v. World Balloon Corp.,* 637 P.2d 846 (N.M. App.1981). This right of control encompasses the details, manner, or method of the work. *Merrill v. Duffy Reed Construction Co.,* 82 Idaho 410, 353 P.2d 657 (1960). In contrast, an independent contractor is subject to control only as to the result or product of the work.

Both parties agree that Moore, rather than the owners of Armold, actually controlled the details of Wise's work due to the nature of the trucking business. Wise argues this made him at most, an employee of Moore, but not of Armold. Armold asserts that Moore had the authority to hire employees for Armold. The district court so found and that finding has not been challenged on appeal.

It has been held that "[t]he identity of the person who, in fact, directs the details of the work and gives the immediate instructions to the workmen is of comparatively small importance, the power of control referred to being the power to control the undertaking as a whole." *Shipman v. Macco Corp.*, 74 N.M. 174, 392 P.2d 9, 11 (1964) (citations omitted) (quoting *Jones v. George F. Getty Oil Co.*, 92 F.2d 255, 263 (10th Cir.1937)). Therefore, when plaintiff was doing defendant's work and was under the control of defendant's field engineer, he was found to be an employee of defendant. *Shipman v. Macco Corp., supra.* Similarly, Idaho has recognized a well-established common law rule "that where one is requested by an employee to assist in doing such employee's work in the furtherance of the business of the master, and such assistant does such work with the knowledge and acquiescence of the employer, such assistant thereby becomes in effect an employee...." *Larson v. Independent School Dist. No. 11J*, 53 Idaho 49, 56, 22 P.2d 299, 301 (1933).

■ Applying these factors to the present case, we find Wise was an employee of Armold at the time of the accident. Moore, as an employee of Armold, hired Wise, instructed him on what to do and how and when to do it and determined the rate of pay. Wise was riding in the truck supplied by Armold, with the actual knowledge of Armold. Before the accident Armold had begun to put Wise on Armold's records as an employee for purposes of taxes and workmen's compensation as of September 1975. The president of Armold stated in her deposition that after discussions with the insurance company, the Internal Revenue Service and the labor boards, "if he [Moore] was going to have anybody on that van then we had to know about it, and we had to treat them as an employee." Wise had a duty to perform for Armold subject to Moore's right to control his work and Wise's right to receive compensation. We hold that as a matter of law, Wise was an employee of Armold, rather than an independent contractor, at the time of the accident.

Wise next contends that even if we hold that he was an employee, he was not within the scope of his employment at the time of the accident. He points to the fact that he was not getting paid to ride in the truck, contending that he rode in the truck for his own personal purpose to gain experience in the trucking business. Further, Wise contends that his being in the truck was of no advantage to Armold. The record, even when construed most favorably to Wise, does not support that view.

Having Wise ride in the truck with Moore was of mutual advantage to Armold and Wise. It was more efficient for Armold and Moore that Moore had a person to load and unload the truck riding with him. Moore no longer had to stop and take time to look for someone to hire for the day at each stop he made. Further, as Wise rode along with Moore, he became more skilled and required less supervision. It is apparent from the record that the trip Wise was making at the time of the accident was at least in part devoted to the service of Armold. It was not wholly devoted to the personal purposes of Wise, as his job obviously required his presence at each loading site.

■ It has been held that an act may be within the scope of employment although done in part to serve personal purposes of the servant. *Van Vranken v. Fence-Craft*, 91 Idaho 742, 430 P.2d 488 (1967). In order to be within the scope of employment the court must find that the service of the employer is at least a concurrent cause of the trip; it does not have to be the paramount cause of the trip. *In Re Christie*, 59 Idaho 58, 81 P.2d 65 (1938).

The scope of employment includes situations where employees, on either their own time or their employer's time, are going to or from the employment on some substantial mission for the employer growing out of the employment. *In Re Christie, supra.* Further, it has been established by the peculiar risk doctrine that the course of employment can be extended beyond the premise of the employer to the necessary risk and hazards associated with the employee's travel to and from work. The test is whether there is a necessary risk or hazard associated with the employment. It is based on the causal relationship between the work and the hazard. *Diffendaffer v. Clifton,* 91 Idaho 751, 430 P.2d 497 (1967). It has been established that employees whose work involves travel are held to be within the course of their employment continuously during the trip, except when the employee makes a distinct departure on a personal errand. *Ridgway v. Combined Insurance Companies of America,* 98 Idaho 410, 565 P.2d 1367 (1977) (citing 1A LARSON, WORKMAN'S COMPENSATION LAW § 25.00 (1985)).

New Mexico has held that an injury arising out of and in the course of employment includes accidents while at work in any place where their employer's business requires their presence, such as traveling between job sites. *Garcia v. Phil Garcia's Electrical Contractor, Inc.,* 99 N.M. 374, 658 P.2d 449 (App.1982). Further, it has been held that "[i]f the work of an employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own." *Brown v. Arapahoe Drilling Co.,* 70 N.M. 99, 370 P.2d 816, 818 (1962) (quoting *Marks' Dependents v. Gray,* 251 N.Y. 90, 167 N.E. 181, 183 (App.1929)). The New Mexico Supreme Court in *Brown* stated that the material consideration was not to determine what was the dominant or primary purpose of the trip, but rather whether there was a service to be performed for the employer. Furthermore, it has been held that injury arises out of employment when it is caused by a risk the worker is subjected to in the employment.

*Sena v. Continental Casualty Co.,* 97 N.M. 753, 643 P.2d 622 (App.1982). In *Sena,* 643 P.2d at 627, the court said:

We believe that under the cases in New Mexico and the other jurisdictions that are consistent, that when there is a reasonable basis from which the court can draw some work connected activity and risk, that it can do so as a matter of law.

■ The facts of this case indicate that Wise was in the course and scope of his employment at the time of the accident. Hazards of highway accidents are related to long haul trucking operations. The employer received a benefit from having Wise accompany Moore from job to job. Wise was hired to load and unload goods from the truck at various locations. In order to accomplish that task, it was necessary that he travel with the truck across country from loading site to unloading site. Under either the New Mexico or Idaho laws, we find that Wise was acting within the scope of his employment.

Finally, Wise contends that his employment was casual and therefore not covered by either Idaho's or New Mexico's workmen's compensation acts. The basis of the contention is that Wise's work only involved a small portion of time compared to the amount of time consumed in traveling. Wise compares himself to helpers Moore could have hired in each city to help load or unload the truck. Wise states that such a relationship would be casual. Both Idaho and New Mexico have similar statutes concerning casual employment, which exempt such employment from the provisions of the workmen's compensation laws. I.C. § 72–212; N.M. Stat.Ann. § 52–1–16. Idaho's statute does not define the term casual employment, but it has been frequently and consistently defined by the Idaho Supreme Court. The general definition has been stated as:

an employment that arises occasionally or incidentally or which comes at uncertain times or at irregular intervals, for a limited or temporary purpose and whose happening cannot be reasonably

anticipated as certain or likely to occur or to become necessary or desirable and which is not a usual concomitant of the business, trade or profession of the employer. *Flynn v. Carson*, 42 Idaho 141, 243 P. 818, (1926).

*Vogl v. Smythe*, 74 Idaho 115, 118, 258 P.2d 355, 356–57 (1953); *see also Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976). New Mexico similarly exempts from workmen's compensation coverage employment which is "purely casual and not for the purpose of the employer's trade or business." N.M. Stat.Ann. § 52–1–16.

In this case, the employment of Wise did not arise inadvertently or at uncertain times, nor was it unanticipated. The loading and unloading of the truck is an integral and necessary part of the moving and trucking business. The work is an integral part of the employer's business and therefore Wise's employment was not casual.

Accordingly, we find there has been no genuine issue of material fact in dispute between the parties to this appeal, and that proper application of law to the evidence reveals that Wise was an employee at the time of the accident. Therefore, we affirm the summary judgment granted by the court below. Costs on appeal to respondents. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.