489 P.2d 439

Virginia BELL, by and through her Guardian Ad Litem, Willis Bell, Plaintiff-Appellant,

v.

O'CONNOR TRANSPORT LIMITED, a Canadian corporation, Defendant-Respondent.

Willis BELL, Plaintiff-Appellant,

v.

O'CONNOR TRANSPORT LIMITED, a Canadian corporation, Defendant-Respondent.

Virginia BELL, by and through her Guardian Ad Litem, Willis Bell, Plaintiffs-Appellants,

v.

O'CONNOR TRANSPORT LIMITED, a Canadian corporation, Defendant-Respondent.

No. 10231.

Supreme Court of Idaho.

Oct. 1, 1971.

Thomas A. Mitchell, Coeur d'Alene, Stephen Bistline, Sandpoint, for plaintiff-appellant.

E. L. Miller, Coeur D'Alene, for defendant-appellee.

McQUADE, Chief Justice.

About 4:45 p.m. on September 24, 1968, an accident occurred between a car driven by Ruth Bell and a truck operated by Robert K. Smith and owned by the defendant corporation. The accident occurred in Priest River, Idaho, at the juncture of U. S. Highway 2 and First Street. The truck driven by Smith was on U.S. Highway 2 approaching the intersection from the west. The posted speed limit on U.S. Highway 2 at the site of the accident was twenty-five miles per hour. The car driven by Mrs. Bell had been heading north on First Street. There was a stop sign at First Street and its juncture with U.S. Highway 2, which stop sign controlled the access of the Bell vehicle from First Street to U.S. Highway 2. At the time of the collision, the Bell vehicle was apparently attempting to make a left hand turn into the westbound lane of Highway 2. The passengers in the vehicle operated by Mrs. Bell were her daughter Virginia, her husband Roy Bell, and Mitchell Decker. Mrs. Bell and Mitchell Decker died from injuries received in the accident.

Two causes of action are involved. The first is a damage action for personal injuries suffered by the plaintiff Virginia Bell which were incurred in the car-truck collision. The second is a wrongful death action brought by Virginia Bell and Willis Bell for damages for the death of Ruth Bell who was killed in the same collision.

At trial, the defendant maintained that Smith, the driver of the truck, was in no way negligent and in no way caused the accident. The defendant further contended that the accident was solely the result of the negligence of Ruth Bell who allegedly failed to stop at the stop sign and illegally cut the corner upon entering U.S. Highway 2 from First Street. The jury returned a verdict for the defendant and the trial court entered judgment accordingly. The plaintiffs have appealed to this Court alleging basically that there was no evidence established on behalf of the defendant that could sustain a finding that Ruth Bell had been negligent, and that the trial court's admission of the police officer's accident report over the objection of the plaintiffs was prejudicial error.

Appellants' assignment of error regarding the sufficiency of evidence is without merit. There is sufficient evidence both from the truck driver Smith and from the investigating officers to allow the jury to reasonably reach the conclusion that Ruth Bell had failed to stop at the stop sign and had cut the corner of the intersection, therefore making a left-hand turn directly into the path of the truck driven by Smith. The motion for directed verdict is governed by Rule 50(a), I.R.C.P. The case Conklin v. Patterson [1] stated:

> " 'The motion for a directed verdict admits the truth of all the evidence in favor of the defendants and every inference of fact that may legitimately be drawn therefrom (Moody v. Morris-Roberts Co., 38 Idaho 414, 226 P. 278), and should have been denied unless there was no evidence material to the defense on any question of fact about which reasonable minds might differ, which, if found in favor of the defendants would have supported a verdict for them.' "

Appellants have next assigned error to the trial court's admitting in evidence defendant's exhibit D, the accident report of

the investigating officer. Don VanVleet, in that the report contained hearsay evidence. An examination of two relevant sections of the Idaho Code indicates that the admission of such a report was not error.

"9–316. *Official Reports as Evidence Act.*—Written reports or findings of fact made by officers of this state, on a matter within the scope of their duty as defined by statute, shall, insofar as relevant, be admitted as evidence of the matters stated therein.

"49–1007. *Written reports of accidents—*

\* \* \* \*

"(c) Every law enforcement officer, including county and municipal officers, who, in the regular course of duty, investigates a motor vehicle accident of which report must be made as required in this section, [paragraph (a)] either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses shall, within 24 hours after completing such investigation, forward a written report of such accident to the department."

Officer VanVleet was required by statute to make the accident report in this case. The legislature has deemed official reports which are required to be made within the scope of duty admissible as evidence of the facts stated therein. The legislature was apparently well aware of possible hearsay problems in the rule stated in I.C. § 9–316 since it also enacted the subsequent sections 9–317 and 9–318:

"9–317. *Official reports as evidence— Notice before trial.*—Such report or finding shall be admissible only if the party offering it has delivered a copy of it, or so much thereof as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse

party has not been unfairly surprised by the failure to deliver such copy."

"9–318. *Official reports as evidence— Cross-examination.*—Any adverse party may cross-examine any person making such reports or findings or any person furnishing information used therein; but the fact that such testimony may not be obtainable shall not affect the admissibility of the report or finding, unless, in the opinion of the court, the adverse party is unfairly prejudiced thereby."

The trial court is given discretion in determining whether I.C. § 9–317 and § 9–318 should apply at all. In accord with the provisions of I.C. § 9–318, the officer who made the report testified at trial and was subject to cross examination, as was every person upon whose statements the officer based his report.

■ Appellants' objection at trial went to the entire exhibit and not specifically to the portions which appellants claim were objectionable as hearsay. Appellants objected to the entire instrument on the grounds that it was excluded by statute and that it included hearsay evidence. Such report is not excluded by I.C. § 9–316 and may be used by the officer to refresh his recollection. The objection to permitting use of hearsay evidence in the report would have been well taken if made for the purpose of limitedly admitting the document. Some of the information in the report was not based on information received from other individuals but based on the officer's own observations and measurements. It is not the duty of the trial court to separate the admissible from the inadmissible on its own initiative.[2]

■ Appellants next assign error to the fact that the jury was sent out to deliberate at 8:00 p.m., at the end of a three day trial. Appellants assert that in view of the complexity of the case and the number of instructions (fifty-three) this action

2. Zier v. Shamrock Dairy of Phoenix, Inc., 4 Ariz.App. 382, 420 P.2d 954 (1966); Smith v. Abel, 211 Or. 571, 316 P.2d 793 (1957); People v. Lang Transportation Corp., 43 Cal.App.2d 134, 110 P.2d 464 (1941).

of the trial court constituted prejudicial error by implying to the jury that the issues were simple and not much time was needed for deliberation. Appellants do not cite authority in support of this contention. Such action is within the discretion of the trial court and the allegations of the defendants do not support a complaint that there was an abuse of such discretion. No objection was made below to the questioned action of the court. Therefore, such an assignment is not a proper question for review by this Court.[3]

Appellants' next assignment of error is that the trial court acted improperly in excusing juror Decker. The record shows that the juror was excused by the trial court due to his having a hearing difficulty. The trial court's action was entirely proper and within its discretion. Furthermore, appellants have shown no prejudice as a result of the exclusion of such juror, nor do they complain that a competent and impartial jury was not obtained. This assignment is without merit.

Appellants' final assignment of error is that the trial court was incorrect in giving instruction no. 32 without giving as a "predicate" therefor the provisions of I. C. § 49–729. The trial court's instruction concerned the question "When has a vehicle on a through highway approached so close to an intersection as to constitute an immediate hazard?" The trial court was instructing in regard to I.C. § 40–202, "Right-of-way of traffic on through highways." The instruction did not concern I. C. § 49–729 which involves vehicles entering stop or yield intersections with roads not intersecting through a highway.[4]

Judgment affirmed. Costs to respondents.

McFADDEN, DONALDSON and SHEPARD, JJ., and MAYNARD, District Judge, concur.

3. Pierson v. Pierson, 63 Idaho 1, 10, 115 P.2d 742 (1941).

4. Sanders v. Hamilton, 91 Idaho 225, 227–228, 419 P.2d 667 (1966).