749 P.2d 1012

**Richard K. SMITH and Janice L. Smith, Plaintiffs–Respondents,**

v.

**Joyce PRAEGITZER, Defendant–Appellant.**

**No. 16420.**

Court of Appeals of Idaho.

Jan. 28, 1988.

John A. Doerr, of Doerr & Trainor, Twin Falls, for defendant-appellant.

Randolph Stone, of Parsons, Smith, Stone & Fletcher, Burley, for plaintiffs-respondents.

## SUBSTITUTE OPINION

The Court's prior opinion, dated July 31, 1987, is hereby withdrawn.

## PER CURIAM.

While jogging through an intersection, Richard Smith was struck and seriously injured by an automobile. Smith brought this action against the driver, Joyce Praegitzer, claiming that his injuries resulted from her negligence. The jury returned a special verdict finding each party to be fifty percent at fault. Smith then moved for judgment notwithstanding the verdict under I.R.C.P. 50(b) or, in the alternative, for a new trial under I.R.C.P. 59(a). By memorandum opinion and order the trial judge granted the motion for judgment n.o.v. The court's entry of judgment against Praegitzer was only on the issue of liability and it indicated that her negligence was one hundred percent the cause of the accident. Having decided the question of liability, the trial judge then granted the alternative motion for a new trial—limiting it to the issue of damages. Praegitzer has appealed, contending that the court erred in granting the motions.

The issue on appeal, so far as the judgment n.o.v. is concerned, is whether the jury verdict was supported by substantial and competent evidence. We also must determine the status of the motion for a new trial. For reasons stated below, we reverse the order granting judgment n.o.v. and we vacate the order for a new trial. We direct that the jury verdict be reinstated and we remand the case for the district court to reconsider the motion for a new trial, as to liability and damages, on its own merits.

The relevant facts are as follows. On an August morning, Smith was jogging southbound on the west side of Miller Avenue, approaching the intersection of 24th Street in Burley, Idaho. He was approximately ten to twelve feet from the intersection when he observed Praegitzer's eastbound vehicle on 24th Street. He testified that, at the time, the vehicle was about 300 feet west of Miller Avenue. He felt that the vehicle posed no danger to his progress across the intersection. Continuing into the intersection, he focused his attention on the westbound traffic lanes of 24th Street. Upon reaching the eastbound traffic lane on 24th Street, Smith's attention was drawn to Praegitzer's vehicle, which was now perilously close. He testified that the vehicle was accelerating and veering right, following him in his attempt to escape from danger. Smith further testified that his efforts to evade impact or gain the driver's attention failed. After the collision occurred, Smith came to rest just beyond the east side of the intersection with his head three feet from the curb and his body extending into the eastbound lane of 24th Street. There was no physical evidence permitting accurate location of the point of impact.

Praegitzer testified that her speed was twenty to twenty-five miles per hour. She further testified that she never observed Smith until just immediately prior to impact. She claimed that the sun was in her eyes, preventing clear vision. This point was somewhat rebutted by a weather report from the Burley airport which indicated that the sky had broken, heavy cloud cover. Praegitzer further testified that she did not accelerate just prior to impact, nor did she recall veering toward Smith.

An eyewitness to the accident, Terry Billingsley, testified for Smith. His testimony closely paralleled Smith's recollection of the events. An expert in accident reconstruction also testified on behalf of Smith. However, due to the lack of physical evidence, the expert could only provide inexact figures.

## I. JUDGMENT N.O.V.

■ A motion for judgment n.o.v. under I.R.C.P. 50(b) admits the truth of all adverse evidence. Every reasonable inference is drawn in the light most favorable to

890

the non-moving party. The question is not whether the record is literally devoid of evidence supporting the non-moving party, but whether there is substantial evidence upon which the jury could properly find a verdict for that party. *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 518 P.2d 1194 (1974). Hence, the trial court is not free to weigh the evidence or pass on the credibility of witnesses, making its own independent findings of fact and comparing them to the jury's findings, as would be the case in deciding a motion for a new trial. *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986). Rather, the requisite standard is whether the evidence is of sufficient quantity and probative value that reasonable minds could reach the same conclusion as did the jury. *Mann v. Safeway Stores, Inc., supra.*

In determining whether a judgment n.o.v. should have been granted, the appellate court applies the same standard as does the trial court which passed on the motion originally. *Quick v. Crane, supra.* Thus, this Court will review the record of the trial below and will draw all reasonable inferences from the evidence in a light most favorable to Praegitzer.

### A

Initially, we must deem as true the following evidence which appears to support the verdict. First, Praegitzer's speed was twenty to twenty-five miles per hour. Second, her vision was impaired by sunlight. Finally, she did not accelerate prior to impact nor veer toward Smith. From this evidence it is legitimate to infer that Smith misjudged the distance of Praegitzer's vehicle. Further, it is reasonable to infer that Smith acted improperly by failing to remain vigilant in assessing the hazard of an approaching vehicle. Based on these determinations, the jury could have found that Smith failed to yield the right-of-way to a vehicle which posed a threat of imminent danger.

The very nature of the jury process allows jurors to resolve factual issues upon evidence presented in light of the jurors' general life experiences and with a sense of what is reasonable and what is not. *Quick v. Crane, supra.* Negligence is a subject well-suited for resolution by a jury. It is for the jury to decide what a reasonably careful person would do under circumstances shown by the evidence.

Jury Instruction No. 15 recited I.C. § 49-722, which explains that a pedestrian shall not suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard. Instruction No. 16 recited I.C. § 49-723, which provides that a pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right-of-way to all vehicles upon the roadway. There was no marked crosswalk where Smith jogged into the intersection. Neither was Smith within an area that could be deemed an unmarked crosswalk. *See* I.C. § 49-510 (defining crosswalk). Thus, the jury reasonably could have concluded that Smith was negligent.

Instruction Nos. 11 and 19 further explained that a driver must exercise due care to maintain proper lookout for, and to avoid colliding with, a pedestrian. *See* I.C. § 49-724. Thus, the jury reasonably could have concluded that Praegitzer was also negligent in failing to observe Smith at the intersection.

In his motion for judgment n.o.v., Smith claimed that the court erred in giving Instructions Nos. 15 and 16, described above. We find no error in their use. Indeed, our review convinces us that the jury was appropriately instructed on the law applicable to this case. Error was also claimed in the court's refusal to give an instruction reciting I.C. § 49-726. That statute explains a pedestrian's duty while walking on a roadway when a sidewalk is not available. Smith testified that he regularly jogged in the roadway, not on the sidewalks, which were available here. Thus, the statute has no application.

Based on our review of the evidence we cannot agree with the district judge that reasonable jurors, given the evidence and instructions we have described, could only

have concluded that Praegitzer was one hundred percent at fault. A conclusion that Smith was also negligent is reasonable and is supported by substantial and competent evidence. We hold that reasonable minds could conclude that the jury's verdict was proper.

### B

By way of a petition for rehearing, Smith asks that we address two other arguments he had made against setting aside the judgment n.o.v. First, he asserts that the jury's verdict, and our analysis of the evidence, are the results of an impermissible "stacking" of inferences. Second, he insists that we must discuss the relative duties of automobile operators and pedestrians when both are within a "parking lane" in order to fully resolve the issues in this case. We will address each point in turn.

With respect to the "stacking" issue, Smith characterizes Praegitzer's testimony regarding her actions, particularly her speed, as merely inferential in itself—not direct evidence. He contends that the testimony and the conclusions or inferences drawn from it amount to an impermissible "stacking" of inferences in contravention of the holdings in *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 518 P.2d 1194 (1974) and *Owen v. Burcham*, 100 Idaho 441, 599 P.2d 1012 (1979).

■ We view Praegitzer's testimony as a mixture of direct evidence and acceptable inference. Based upon her opinion, or inference from normal habit, Praegitzer testified that her speed was twenty to twenty-five miles per hour. A lay witness' opinion or inference as to speed is admissible. I.R. E. 701. Such evidence may be accepted as probative, competent evidence; the weight to be given it rests with the trier of fact. *Dawson v. Olson*, 97 Idaho 274, 543 P.2d 499 (1975); *Werth v. Tromberg*, 90 Idaho 204, 409 P.2d 421 (1965). We conclude that Praegitzer's testimony of speed may be considered as direct evidence.

■ Nevertheless, even assuming that this testimony and the inferences drawn therefrom represent a "stacking" of inferences, we do not find it impermissible. We acknowledge that in *Mann v. Safeway Stores, Inc., supra*, our Supreme Court said: "[I]f an inference drawn from circumstantial evidence is to be made the basis for further inference, the first inference must be established to the exclusion of all other inferences." *Id.* 95 Idaho at 737, 518 P.2d at 1199. In *Mann*, a slip and fall case, the defendant attempted to show, by isolating each item of circumstantial evidence, that each item would not support an inference of negligence. The Supreme Court noted that the evidence must be construed as a whole to determine if it supports the verdict. The Supreme Court determined that the evidence was substantial and that the inferences were reasonable. We noted in *Challis Irrigation Co. v. State*, 107 Idaho 338, 689 P.2d 230 (Ct.App.1984), that the rule in *Mann* limited, but did not prohibit, the "stacking" of inferences. We further noted that the rule has been severely criticized and questioned. *See generally* 1A J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 41 (Tillers rev. 1983); 1 JONES ON EVIDENCE § 3.7 (1972). There is no requirement—at least in a civil case—that an inference must be established beyond a reasonable doubt before it may be accepted as the basis for a conclusion or further inference.

In *Owen v. Burcham, supra*, the defendant attempted to establish the negligence of the decedent, a young bicyclist. The decedent was accorded a presumption of due care. There were no facts which established the decedent's location at the time of the collision. Through her own testimony, the defendant tried to raise an inference of negligence, thus attempting to rebut the presumption. Our Supreme Court held that there was a lack of "substantial evidence or a *legitimate* inference to be drawn from the evidence which rebuts the presumption of due care." *Id.* 100 Idaho at 448-49, 599 P.2d at 1019-20 (emphasis original).

■ An inference is simply a fact derived from other facts. The reasonableness of an inference is largely determined by the nature of the underlying facts upon

which the inference is premised. A reasonable inference is a rational and logical conclusion drawn from established facts, when such facts are viewed in light of common knowledge or common experience. *Lovato v. Plateau, Inc.*, 79 N.M. 428, 444 P.2d 613 (App.1968).

The evidence here establishes with general proximity the locations of Smith and Praegitzer at the time of impact. Smith is not accorded a presumption of due care; indeed, his presence within the intersection could be—and evidently was—viewed by the jury as a lack of due care. There was no physical evidence either corroborating or rebutting the evidence offered by Smith and Praegitzer. Apparently, the jury also accepted Praegitzer's testimony regarding her speed. The logical inference to be drawn from this accepted evidence of speed is that Smith erred in estimating the initial distance of Praegitzer's vehicle. The jury then could reasonably conclude that Smith acted negligently in entering the intersection when an oncoming vehicle posed an imminent danger. The evidence supports these inferences. This "stacking" of inferences is permissible.

With respect to the "parking lane" argument, we preface our discussion by noting that there is no legal definition for a "parking lane." In our view, because Smith was within the intersection, his claim that he was struck while he was in a "parking lane" is without merit. Nevertheless, we turn to the applicable statutes for further analysis of this issue. Idaho Code § 49–560 provides for a safety zone—an area or space officially set apart for the exclusive use of pedestrians—within a roadway, marked or indicated by signs as to be plainly visible. Idaho Code § 49–728 provides that no vehicle shall be driven through or within a safety zone. According to the evidence, Smith was not within a safety zone at the time of impact. Another applicable statute is I.C. § 49–723 which provides that every pedestrian crossing a road at a point other than within a marked or unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. Smith was not in a marked or unmarked crosswalk.

A scaled diagram of the intersection was admitted into evidence. This diagram demarcates a recessed parking area along the south side of 24th Street. This recessed parking area ends prior to the intersection with Miller Avenue. The roadside edge of this parking area tracks the curbline of 24th Street as it extends eastward. The jury was instructed that a highway includes the entire width between the boundary lines of a way open to the public for purposes of vehicular travel. I.C. § 49–526. Thus, the jury was at liberty to decide that Smith was negligent in failing to yield the right-of-way to vehicles upon the highway. As noted earlier, reasonable minds *could* reach the same conclusion that the jury reached in this case. We again hold that the judgment n.o.v. was improper.

## II. MOTION FOR A NEW TRIAL

As previously noted, Smith's motion for judgment n.o.v. was in the alternative a motion for a new trial. Upon granting the judgment n.o.v., the trial judge determined that a new trial was necessary on the issue of damages. However, the judge's ruling was not made conditional as is required by I.R.C.P. 50(c)(1). Neither did the judge disclose his reasons for granting the new trial other than the need to determine damages. Because our resolution of the judgment n.o.v. issue negates the need for a trial limited solely to damages, we remand this case to the district court to determine whether the motion for a new trial should be granted or denied in its entirety. We provide the district court with the following guidance in making that determination.

A trial court has broad discretion in deciding whether to grant or to deny a motion for a new trial. The trial judge may weigh all the evidence, pass on the credibility of witnesses and make independent findings of fact and compare them to the jury's findings. *Quick v. Crane, supra; Sheets v. Agro–West, Inc.*, 104 Idaho 880, 664 P.2d 787 (Ct.App.1983). The trial

judge must reveal, or make clear on the record, the reasons for granting or denying the motion in view of the grounds under I.R.C.P. 59(a) as asserted by the movant. *Quick v. Crane, supra.*

Smith's motion stated three grounds for relief under Rule 59(a): insufficiency of evidence, I.R.C.P. 59(a)(6); irregularity in the proceedings, I.R.C.P. 59(a)(1); and error in law, I.R.C.P. 59(a)(7). The claimed errors in law related to the trial court's jury instructions which we noted in discussing the judgment n.o.v. issue. We have concluded that there was no error.

 Smith contends that irregularity in the proceedings occurred when defense counsel made improper comments during closing argument. We have reviewed the record of the motion hearing concerning the allegedly improper comments. Apparently, defense counsel told the jury of conversations he had with his father and a police officer concerning the case. Counsel related his father's explanation of the reasonable man standard—"just good old common sense." Counsel then referred to the police officer's statement that a driver could not be expected to "see this kind of thing." Counsel for plaintiff did not object, move for a mistrial, or seek a cautionary instruction, before the case was submitted to the jury. Counsel's failure to timely assert error and to seek curative relief prevents him from raising this issue for the first time after the jury returned its verdict. *Johnson v. Emerson,* 103 Idaho 350, 647 P.2d 806 (Ct.App.1982).

The final ground for relief is insufficiency of evidence to justify the verdict. As already mentioned, the trial court is free to weigh the evidence and make its own determinations. On remand, the trial court is directed to consider the final ground for relief and to decide on that ground whether to grant or deny the motion for a new trial.

Accordingly, the judgment of the district court is reversed and the order for a new trial is vacated. The case is remanded for further proceedings consistent with this opinion. Costs to appellant, Joyce Praegitzer. No attorney fees on appeal.