**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50684**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
|  | ) **Filed: July 17, 2025** |
| Plaintiff-Respondent, | ) |
|  | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
|  | ) **THIS IS AN UNPUBLISHED** |
| JAMUS EDWARD McCULLOUGH, | ) **OPINION AND SHALL NOT** |
|  | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
|  | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for three counts of sexual abuse of a child under the age of sixteen years and intimidating, impeding, influencing, or preventing the attendance of a witness, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jamus Edward McCullough appeals from the judgment of conviction for three counts of sexual abuse of a child under the age of sixteen years and intimidating, impeding, influencing, or preventing the attendance of a witness. McCullough argues there was insufficient evidence for the jury to convict him on two counts; that the district court erred by allowing character evidence in violation of Idaho Rule of Evidence 404(b); and the district court abused its discretion in failing to further reduce his sentence pursuant to Idaho Criminal Rule 35. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

McCullough was charged with three counts of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(b), and one count of intimidating, impeding, influencing,

1

or preventing the attendance of a witness, I.C. § 18-2604. The charges stemmed from reports of inappropriate conduct by McCullough with his daughters.

At trial, McCullough's daughter, M.M., testified that McCullough would often sit around the house with his hands in his pants/underwear and sometimes he would be moving his hand. M.M. testified that McCullough masturbated in her presence "weekly." Additionally, M.M. testified that McCullough would watch "porn" in the living room on his phone with his hand moving in his pants. M.M. also testified that over the course of the eleven years of living with McCullough, he put his hand on her leg, squeezed her thigh, and, on one occasion, brushed up against her breast. Further, McCullough would "swat" M.M. on the butt over her clothes on occasion. M.M. testified that when she was changing her clothing, McCullough would open the door and come in and talk to her or just sit there and stare. Similarly, McCullough would make comments about M.M.'s body. Once, McCullough told M.M. that her "chest looks really big in that."

McCullough's other daughter, E.M., also testified at trial. E.M. testified that McCullough would have his hand in his pants walking around the house and that there were times that she caught McCullough watching "porn" on the couch. She knew he was watching pornography because she could "hear it," such as "[m]oaning" and "sexual noises." While he was watching pornography, she would see his hand "in his pants touching himself" and "stroking himself." Additionally, E.M. testified that on at least one occasion McCullough walked in while she was changing her clothes.

McCullough was convicted on all counts. The district court sentenced McCullough to unified, concurrent terms of twenty-five years with eight years determinate for Counts I and II; an indeterminate term of twenty-five years for Count III, to run consecutively to Counts I and II; and a determinate term of five years for Count IV, to run consecutively to Counts I and II. McCullough filed a motion to reduce his sentences pursuant to I.C.R. 35. Following a hearing, the district court amended its judgment of conviction with regard to Count III to an indeterminate term of five years, to run concurrently with Counts I and II. McCullough appeals.

## II.

## STANDARD OF REVIEW

On appeal from the district court's ruling on I.R.E. 404(b) evidence, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by

substantial and competent evidence in the record. *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

McCullough asserts the State failed to provide timely notice of its intent to introduce I.R.E. 404(b) evidence and, therefore, the district court abused its discretion in admitting the evidence. McCullough also argues that the State presented insufficient evidence to prove McCullough met the necessary elements of sexual abuse of a child under the age of sixteen years. Specifically, McCullough contends that there is no evidence a reasonable jury could have relied upon to determine that there was sexual intent behind McCullough's actions towards M.M. McCullough also argues that the State failed to prove E.M. was under the age of sixteen when the charged acts occurred. Finally, McCullough argues the district court abused its discretion by failing to further reduce McCullough's sentence pursuant to I.C.R. 35.

**A.     Idaho Rule of Evidence 404(b)**

McCullough asserts that the district court erred by allowing the State to introduce I.R.E. 404(b) evidence when the State failed to provide notice of its intent to present such evidence reasonably in advance of trial. Pursuant to I.R.E. 404(b)(2), the State must: "(A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice."

Two days prior to trial, the State filed an I.R.E. 404(b) notice that it intended to introduce evidence of McCullough's: (1) tendency to enter his daughters' rooms and continue to speak with them while they were in the process of changing clothes or going to the bathroom, despite being asked to leave; (2) make inappropriate sexual comments; and (3) watch pornography on his phone while masturbating. McCullough objected to the late notice and reminded the district court that McCullough's case had been set for trial for months. McCullough claims that, due to the short notice, he was unable to locate and disclose any potential witnesses to counter the testimony. Finally, McCullough argues that the district court abused its discretion by not ruling on the State's failure to comply with the I.R.E. 404(b) notice requirements and by failing to analyze McCullough's objection at all. The State argues the district court did rule on the timeliness of the notice and concluded that the late disclosure was reasonable under the circumstances.

Although the district court did not address the timeliness of notice issue during the hearing on the State's motion, on the second day of trial, the district court stated, "whether or not the State had provided reasonable notice in advance of trial, I'll make a finding on that now. I did find and I do find that their 404(b) under the circumstances was reasonable in this case in light of the fact of how the CARES filings went back and forth." McCullough makes no mention of the district court's timeliness ruling in his opening brief or in his reply brief. McCullough's failure to raise and discuss the district court's ruling is a misrepresentation by omission and a waiver of his claim by failing to directly challenge the district court's ruling. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Nonetheless, McCullough fails to show that the district court erred in determining that the notice was timely under the circumstances. Prior to trial, McCullough filed a motion in limine and notice of intent to present evidence from the CARES interview, to which the State agreed.

4

However, six days prior to trial, McCullough filed a motion to withdraw his previous request to introduce the CARES interview, claiming the CARES interview contained I.R.E. 404(b) evidence. Four days later, and two days before trial, in response, the State filed a notice of intent to introduce the evidence. The district court held that, even though the State's notice was filed two days prior to trial, its notice was "reasonable" because of McCullough's late withdrawal of his intent to introduce the same evidence derived from the CARES interview.

McCullough argues his defense was hindered because he was unable to adequately prepare for the I.R.E. 404(b) evidence. This argument is unpersuasive. McCullough was aware of the contents of the CARES interview at the time he filed his motion in limine approximately a month prior to trial. Further, McCullough never identified what witnesses or other evidence he would have presented or how his preparation would have been different. Additionally, McCullough's claim that he would have located an expert to rebut the State's grooming evidence except for the timing of the notice is contradicted by the record. The State filed its witness list timely before trial, which contained the name of its expert regarding grooming. McCullough has failed to show that the notice filed two days prior to trial negatively affected his ability to prepare for trial.

McCullough's argument that the district court failed to act consistently with the applicable legal standards for failing to analyze McCullough's objection at all is without merit. The district court clearly ruled on the timeliness argument during the second day of trial. Accordingly, McCullough has failed to show that the district court erred by admitting the I.R.E. 404(b) evidence.

## B. Sufficiency of Evidence

McCullough makes two arguments regarding the sufficiency of the evidence: (1) the State failed to submit evidence that a jury could have reasonably relied upon to determine that McCullough had the required sexual intent regarding M.M.; and (2) the State failed to prove E.M. was under the age of sixteen when she witnessed McCullough masturbating.

This Court will uphold a judgment of conviction entered upon a jury verdict so long as there is substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009). Additionally, this Court views the evidence in the light most favorable to the prosecution in determining whether substantial evidence exists and will not substitute its own judgment for that of the jury on matters such as the credibility of witnesses, the

weight to be given to certain evidence, and the reasonable inferences to be drawn from the evidence. *State v. Sheahan*, 139 Idaho 267, 286, 77 P.3d 956, 975 (2003).

Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *State v. Eliasen*, 158 Idaho 542, 546, 348 P.3d 157, 161 (2015). Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). Even if the circumstantial evidence can be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Id.* A reasonable inference is a rational and logical conclusion drawn from established facts and viewed in conjunction with common knowledge and experience. *Smith v. Praegitzer*, 113 Idaho 887, 892, 749 P.2d 1012, 1017 (Ct. App. 1988).

### 1. Sexual intent

In Count II, pursuant to I.C. § 18-1506(1)(b), the State charged McCullough with sexual abuse of a child under the age of sixteen years "by touching, grabbing, groping, and/or rubbing M.M.'s thigh, inner thigh, buttock(s), and/or breast(s)." The statute provides:

> (1)     It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:
> . . . .
> (b)     Cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code.

The district court instructed the jury:

> As to Count II, in order for the Defendant to be guilty of Sexual Abuse of a Child Under the Age of Sixteen Years, the State must prove each of the following:
> 1. On or between 2018 and 2022
> 2. In the state of Idaho
> 3. The defendant Jamus McCullough caused or had sexual contact with M.M.,
> 4. The Defendant was eighteen (18) years of age or older,
> 5. M.M. was under sixteen (16) years of age, and
> 6. The Defendant did such act with the specific intent to gratify the lust, passions, or sexual desire of the defendant, of such child, or of some other person.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

6

The district court also instructed the jury that: "the law does not require as an essential element of the crime that the lust, passions, or sexual desires of either the Defendant or M.M. or E.M. be actually aroused, appealed to, or gratified."

McCullough argues that the evidence presented during trial was insufficient for the jury to find that he had "sexual contact" with M.M. because the State failed to establish McCullough acted with the "intent to gratify the lust, passions, or sexual desire of the defendant, of such child, or of some other person."

M.M. testified that McCullough touched her inner thigh, close to her vagina. M.M. further testified that McCullough would touch her on her inner thigh and rub up and down the side of her thigh. M.M. also stated that McCullough would slap her butt when she was walking past him or, on occasion, McCullough would grab her butt. M.M. also testified that when she was changing clothes, McCullough would open the door and come in and talk to her or just stare at her. During these instances, M.M. would be nude or partially nude. Moreover, M.M. testified that when McCullough was masturbating, he would be looking at her, at the TV, or at his phone. Additionally, M.M. testified that when McCullough grabbed her leg, he did not say anything "sexual but things were weirdly implied." If she "tried to pull away," he would say, "What, do you not like me anymore?"

Based on the testimony at trial, the jury could reasonably infer that McCullough had the specific intent to gratify his lust, passions, or sexual desire of M.M. The evidence that McCullough touched M.M.'s thigh, buttocks, and breasts, and the context of that touching, is evidence of sexual intent. The jury could infer, based on the nature of the conduct and the context in which it was done, that there was the requisite sexual intent when McCullough touched M.M. on her upper thigh and near her vagina. Not only did McCullough touch M.M. in an inappropriate place, but M.M. testified that this behavior made her feel "pretty grossed out." Moreover, when M.M. would ask McCullough to stop, he would not. M.M. testified that McCullough would walk in on her and just stare at her while she was in different stages of undress and that McCullough would masturbate while staring at her. Finally, the jury could properly consider that McCullough commented that M.M.'s breasts looked big.

The fact that McCullough never discussed sexual topics with M.M. does not mean there was no sexual intent. According to Ms. Sorini, a therapist who testified at trial, sexualized talk need not accompany sexualized touching. The jury could also infer that when McCullough would

walk in on M.M. while she was changing her clothes, touch her butt, rub her thigh, or comment about her body, he was grooming her. Sorini testified that "grooming" includes the offender preparing the child by ongoing maintenance of the sexual relationship. Some common forms of grooming include walking in on a child in various stages of undress; making it look like an accident; supposedly accidentally touching or grazing a child's private parts; and commenting about the child's body. McCullough normalized this behavior by doing it regularly. When viewing the evidence in the light most favorable to the State, the evidence is sufficient to support the jury's verdict that McCullough was guilty of sexual abuse of a child under the age of sixteen years regarding M.M.

### 2. E.M.'s age

In Count III, the State charged McCullough with sexual abuse of a child under the age of sixteen years "by masturbating in E.M.'s presence, with the intent to gratify the lust, passions, or sexual desire of the defendant and/or the child." Idaho Code § 18-1506(1)(b) requires that the victim be under sixteen years of age at the time of the charged conduct and the jury was instructed accordingly.

McCullough argues that the evidence presented during trial was insufficient for the jury to find that E.M. was under the age of sixteen when McCullough masturbated in front of her. E.M. testified that she was born on April 19, 2003. The jury could reasonably infer E.M.'s age based on the testimony regarding the history of events. E.M. testified that she was approximately nine or ten years old when her parents divorced and that she grew up in a house on Trestlewood with McCullough. They moved several times, to the Cimarron house and then to the Rosewood Apartments.

During E.M.'s testimony, she identified one instance of McCullough masturbating in front of her while watching porn on his phone as occurring *before* he got remarried. E.M.'s stepmom testified that she married McCullough on March 23, 2017. As noted previously, E.M. testified that she was born on April 19, 2003, which means that she was thirteen when McCullough married E.M.'s stepmom. E.M. also testified that she witnessed McCullough masturbate at the Trestlewood house, the Cimarron house, and the last time she recalled was at the Rosewood Apartments. Given the fact that E.M. stated she was nine or ten when she moved into the Trestlewood house and was sixteen when she moved from the Rosewood Apartments, the jury could determine that E.M. was under sixteen during at least one of the instances where

McCullough masturbated in front of her. The jury was free to make "reasonable inferences" from the evidence presented at trial. *Severson*, 147 Idaho at 712, 215 P.3d at 432.

Based on the testimony at trial, the jury could reasonably infer that McCullough masturbated in front of E.M. before she turned sixteen. When viewing the evidence in the light most favorable to the State, the evidence is sufficient to support the jury's verdict that McCullough was guilty of sexual abuse of a child under the age of sixteen years regarding E.M.

**C.     Idaho Criminal Rule 35 Motion**

McCullough claims the district court abused its discretion by failing to further reduce his sentence upon partially granting his I.C.R. 35 motion. The district court sentenced McCullough to unified, concurrent terms of twenty-five years with eight years determinate for Counts I and II; an indeterminate term of twenty-five years for Count III, to run consecutively to Counts I and II; and a determinate term of five years for Count IV, to run consecutively to Counts I and II. McCullough filed a motion to reduce his sentence pursuant to I.C.R. 35. Following a hearing, the district court amended its judgment of conviction, with regard to Count III, to an indeterminate term of five years, to run concurrently with Counts I and II.

Initially, we note that a trial court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified McCullough's sentences pursuant to his I.C.R. 35 motion, we will only review McCullough's modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

McCullough has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce McCullough's sentences. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). McCullough has failed to show such an abuse of discretion. Accordingly, the order of the district court partially granting McCullough's I.C.R. 35 motion is affirmed.

## IV.

## CONCLUSION

McCullough has failed to show that the district court abused its discretion by admitting evidence under I.R.E. 404(b).  Further, McCullough has failed to show that the State presented insufficient evidence to support his convictions for sexual abuse of a child under the age of sixteen years.  Finally, the district court did not abuse its discretion in partially granting McCullough's I.C.R. 35 motion.  Therefore, the district court's order denying McCullough's I.C.R. 35 motion and McCullough's judgment of conviction and sentences are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.